JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :      SEALED INDICTMENT
                                 :
          - v. -                 :      20 Cr.
                                 :
ABDURAMAN ISENI,                 :
     a/k/a "Diamond,"            :
ERVIN MAKISHTI,                  :      20 CRIM 660
     a/k/a "Vinny,"              :
SOKOL GJONI,                     :
MIRALEM LJULJANOVIC,             :
JETMIR SULAJ,                    :
ELDI MAKISHTI,                   :
ENRI DIMO,                       :
     a/k/a "Eni,"                :
DARREN DANZIERI,                 :
ISLAM LAMCE,                     :
     a/k/a "Bachi,"              :
BRAJAN TOLA,                     :
GAZMEND LITA,                    :
SMAIL DJOKIC,                    :
     a/k/a "Ismail Gjoka,"       :
AMIR BECOVIC,                    :
RAFAEL JACOBS,                   :
BESIM KUKAJ, and                 :
MELSA SKRAPALLIU,                :
                                 :
          Defendants.            :
                                 X
- - - - - - - - - - - - - - - - X

COUNT ONE

(Racketeering Conspiracy)

The Grand Jury charges:

THE DIAMOND ENTERPRISE

1.    At all times relevant to this Indictment, ABDURAMAN

ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny," SOKOL

GJONI, MIRALEM LJULJANOVIC, and JETMIR SULAJ, the defendants,

and others known and unknown, were members and associates of the "Diamond Enterprise." The Diamond Enterprise was an organized criminal group operating under the direction and protection of ISENI, who had substantial influence in the criminal underworld and offered assistance to and support of the members and associates of the Diamond Enterprise. Those members and associates, and ISENI himself, engaged in long-running criminal activity in support of the Diamond Enterprise, including through the operation of illegal gambling businesses, the transmission of wagering information on sporting events in interstate and foreign commerce, and money laundering.

2.   The Diamond Enterprise, including its leadership, membership, and associates, constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity (the "Enterprise"). This Enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Diamond Enterprise was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.   ABDURAMAN ISENI, a/k/a "Diamond," the defendant, was

at the center of the Diamond Enterprise.  ISENI oversaw the
Diamond Enterprise's illegal gambling activities.  Among other
illegal gambling operations, ISENI oversaw the Diamond
Enterprise's operation of illegal gambling occurring at three
facilities in Brooklyn: "Sports Café," "Friendly Café," and
"Oasis Café."  ERVIN MAKISHTI, a/k/a "Vinny," and SOKOL GJONI,
the defendants, had day-to-day responsibilities managing Sports
Café, from in or about 2015 up to and including at least in or
about December 2019.  MIRALEM LJULJANOVIC, the defendant, had
day-to-day responsibilities managing Friendly Café from in or
about 2018 up to and including at least in or about February
2020.  JETMIR SULAJ, the defendant, had day-to-day
responsibilities managing Oasis Café from in or about 2018 up to
and including at least in or about February 2020.  Sports Café
and Friendly Café were the site of both illegal gambling
operations and the transmission of wagering information in
interstate and foreign commerce.

## PURPOSES OF THE ENTERPRISE

4.   The purposes of the Diamond Enterprise included the
following:

a.   Enriching the members and associates of the
Diamond Enterprise through, among other things, (i) the operation
of illegal gambling businesses; (ii) transmission of wagering
information; and (iii) money laundering;

b.    Promoting and enhancing the Diamond Enterprise and the activities of its members and associates.

**MEANS AND METHODS OF THE ENTERPRISE**

5.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the Diamond Enterprise were the following:

a.    Members and associates of the Diamond Enterprise generated income for the Diamond Enterprise through, among other things (i) the operation of illegal gambling businesses, including through the collection of gambling debts owed to the Diamond Enterprise; (ii) transmission of wagering information; and (iii) money laundering.

b.    Members and associates of the Diamond Enterprise engaged in criminal conduct and coordinated their criminal activities with leaders, members, and associates of other criminal associations.

c.    Members and associates of the Diamond Enterprise used various techniques to avoid law enforcement scrutiny of the Diamond Enterprise's criminal activities.  Members and associates of the Diamond Enterprise sometimes used coded language to refer to gambling equipment.  Members and associates of the Diamond Enterprise also attempted to thwart potential law enforcement eavesdropping by engaging in "in-person" meetings to discuss criminal activities and by stating that certain conversations

should be conducted in person, and not by telephone.

## THE RACKETEERING CONSPIRACY

6.     From at least in or about 2017, up to and including the
date of the filing of this Indictment, in the Southern District of
New York and elsewhere, ABDURAMAN ISENI, a/k/a "Diamond," ERVIN
MAKISHTI, a/k/a "Vinny," SOKOL GJONI, MIRALEM LJULJANOVIC, and
JETMIR SULAJ, the defendants, and others known and unknown, being
persons employed by and associated with the Enterprise described
above, namely, the Diamond Enterprise, which was engaged in, and
the activities of which affected, interstate and foreign commerce,
willfully and knowingly combined, conspired, confederated, and
agreed together and with each other to violate the racketeering
laws of the United States, to wit, Title 18, United States Code,
Section 1962(c), that is, to conduct and participate, directly and
indirectly, in the conduct of the affairs of the Diamond Enterprise
through a pattern of racketeering activity, as that term is defined
in Title 18, United States Code, Sections 1961(1) and 1961(5),
consisting of multiple:

      a.   Acts involving gambling, in violation of New York
State Penal Law, Section 225.10;

      b.   Acts indictable under Title 18, United States Code,
Section 1955 (relating to the prohibition of illegal gambling
businesses);

      c.   Acts indictable under Title 18, United States Code,

Section 1084 (transmission of wagering information);

      d.    Acts indictable under Title 18, United States Code, Sections 1956 and 1957 (money laundering and engaging in monetary transactions with criminal proceeds).

      7.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

Overt Acts

      8.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a.    On or about February 14, 2020, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, told SOKOL GJONI, the defendant, that ISENI had arranged for two gambling machines to be replaced at Sports Café.

      b.    From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, SOKOL GJONI and ERVIN MAKISHTI, a/k/a "Vinny," the defendants, paid ABDURAMAN ISENI, a/k/a "Diamond," the defendant, a portion of the proceeds of the gambling operation of Sports Café.

      c.    From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, MIRALEM LJULJANOVIC, the defendant, paid ABDURAMAN ISENI, a/k/a "Diamond," the defendant, a portion of the proceeds of the gambling operation

6

of Friendly Café.

        d.    From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, JETMIR SULAJ, the defendant, paid ABDURAMAN ISENI, a/k/a "Diamond," the defendant, a portion of the proceeds of the gambling operation of Oasis Café.

        e.    On or about at least October 3 and November 9, 2018, ERVIN MAKISHTI, a/k/a "Vinny," and SOKOL GJONI, the defendants, exchanged messages regarding the operating debts of Sports Café's gambling business, including paying ABDURAMAN ISENI, a/k/a "Diamond," the defendant, for his role overseeing the gambling establishment.

        f.    On or about July 12, 2019, while in Manhattan, ERVIN MAKISHTI, a/k/a "Vinny," the defendant, directed a gambler to pay a gambling debt to Brajan Tola, a defendant named in Count Three of this Indictment.

        g.    From in or about 2017 to at least in or about August 2019, ERVIN MAKISHTI, a/k/a "Vinny," and SOKOL GJONI, the defendants, instructed two co-conspirators ("CC-1" and "CC-2") to deposit the proceeds of illegal gambling in bank accounts, which were used to pay for expenses of Sports Café.

        h.    On or about December 11 and December 12, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, directed ERVIN MAKISHTI, a/k/a "Vinny," the defendant, to provide ISENI with

information so that ISENI could mediate a dispute about a competitor's gambling parlor.

    i.   On or about December 12, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, instructed JETMIR SULAJ, the defendant, about the operations of Oasis Café.

    j.   On or about December 19, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, instructed ERVIN MAKISHTI, a/k/a "Vinny," the defendant, to persuade his brother Eldi Makishti, a defendant named in Count Two of this Indictment, not to speak with law enforcement about the operations of Sports Café.

    k.   In or about 2017 and 2019, ERVIN MAKISHTI, a/k/a "Vinny," the defendant, shared login credentials to a website hosted overseas for the purpose of tallying sports gambling information with MIRALEM LJULJANOVIC, the defendant.

    (Title 18, United States Code, Section 1962(d).)

**COUNT TWO**

**(Conspiracy to Commit Offenses Against the United States:
Operation of Illegal Gambling Businesses)**

The Grand Jury further charges:

9.   The allegations contained in paragraph 3 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

10.   From at least in or about 2015, up to and including at least in or about March 2020, in the Southern District of New York

8

and elsewhere, ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny," SOKOL GJONI, MIRALEM LJULJANOVIC, JETMIR SULAJ, ELDI MAKISHTI, ENRI DIMO, a/k/a "Eni," DARREN DANZIERI, AMIR BECOVIC, and RAFAEL JACOBS, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1955.

11.   It was a part and an object of the conspiracy that ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny," SOKOL GJONI, MIRALEM LJULJANOVIC, JETMIR SULAJ, ELDI MAKISHTI, ENRI DIMO, a/k/a "Eni," DARREN DANZIERI, AMIR BECOVIC, and RAFAEL JACOBS, the defendants, and others known and unknown, would and did conduct, finance, manage, supervise, direct, and own all and part of illegal gambling businesses, to wit, businesses that were violations of the law of New York State, involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of such business, and had been and remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day, in violation of Title 18, United States Code, Section 1955.

### Overt Acts

12.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and elsewhere:

      a.   On or about February 14, 2020, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, told SOKOL GJONI, the defendant, that ISENI had arranged for two gambling machines to be replaced at Sports Café.

      b.   From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, SOKOL GJONI and ERVIN MAKISHTI, a/k/a "Vinny," the defendants, paid ABDURAMAN ISENI, a/k/a "Diamond," the defendant, a portion of the proceeds of the gambling operation of Sports Café.

      c.   From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, MIRALEM LJULJANOVIC, the defendant, paid ABDURAMAN ISENI, a/k/a "Diamond," the defendant, a portion of the proceeds of the gambling operation of Friendly Café.

      d.   From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, JETMIR SULAJ, the defendant, paid ABDURAMAN ISENI, a/k/a "Diamond," the defendant, a portion of the proceeds of the gambling operation of Oasis Café.

      e.   In about March 2018, MIRALEM LJULJANOVIC and AMIR BECOVIC, the defendants, managed the gambling operations of Friendly Café.

      f.   On or about at least October 3 and November 9, 2018,

ERVIN MAKISHTI, a/k/a "Vinny," and SOKOL GJONI, the defendants, exchanged messages regarding the payment of the operating debts of Sports Café's gambling business, including paying ABDURAMAN ISENI, a/k/a "Diamond," the defendant, for his role overseeing the gambling establishment.

g.   On or about May 16, 2019, DARREN DANZIERI, the defendant, ran a poker game at Sports Café.

h.   On or about July 12, 2019, while in Manhattan, ERVIN MAKISHTI, a/k/a "Vinny," the defendant, directed a gambler to pay a gambling debt to Brajan Tola, a defendant named in Count Three of this Indictment.

i.   On or about July 31, 2019, ERVIN MAKISHTI, the defendant, directed ELDI MAKISHTI, the defendant, to maintain the ledger for the gambling operation at Sports Café.

j.   On or about October 23, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, directed JETMIR SULAJ, the defendant, to pay RAFAEL JACOBS, the defendant, approximately $20,000 as partial repayment for JACOBS' investments in Oasis Café.

k.   On or about at least November 21, 2019, JETMIR SULAJ, the defendant, oversaw the gambling operations at Oasis Café.

l.   On or about December 11 and December 12, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, directed ERVIN MAKISHTI, a/k/a "Vinny," the defendant, to provide ISENI with

11

information so that ISENI could mediate a dispute about a competitor's gambling parlor.

      m.   On or about December 12, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant instructed JETMIR SULAJ, the defendant, about the operations of Oasis Café.

      n.   On or about December 19, 2019, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, instructed ERVIN MAKISHTI, the defendant, to persuade his brother ELDI MAKISHTI, the defendant, not to speak with law enforcement about the operations of Sports Café.

      o.   On or about February 18, 2020, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, directed another person to unlock and allow physical access to Sports Café so that JETMIR SULAJ, the defendant, could retrieve broken gambling machines from inside Sports Café.

      p.   In at least February 2020, MIRALEM LJULJANOVIC, the defendant, operated Friendly Café.

      q.   On or about February 20, 2020, ABDURAMAN ISENI, a/k/a "Diamond," and ENRI DIMO, a/k/a "Eni," the defendants, arranged to install three electronic poker machines at Sports Café.

      (Title 18, United States Code, Section 371.)

## COUNT THREE

**(Conspiracy to Commit Offenses Against the United States:
Transmission of Wagering Information)**

The Grand Jury further charges:

13.  The allegations contained in paragraph 3 of this
Indictment are hereby repeated, realleged, and incorporated by
reference, as if fully set forth herein.

14.  From at least in or about 2015, up to and including in or
about March 2020, in the Southern District of New York and elsewhere,
ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny,"
SOKOL GJONI, MIRALEM LJULJANOVIC, ISLAM LAMCE, a/k/a "Bachi,"
BRAJAN TOLA, GAZMEND LITA, and SMAIL DJOKIC, a/k/a "Ismail Gjoka,"
the defendants, and others known and unknown, willfully and
knowingly did combine, conspire, confederate and agree together
and with each other to commit offenses against the United States,
to wit, to violate Title 18, United States Code, Section 1084.

15.  It was a part and an object of the conspiracy that
ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny,"
SOKOL GJONI, MIRALEM LJULJANOVIC, ISLAM LAMCE, a/k/a "Bachi,"
BRAJAN TOLA, GAZMEND LITA, and SMAIL DJOKIC, a/k/a "Ismail Gjoka,"
the defendants, and others known and unknown, being engaged in the
business of betting and wagering, would and did knowingly use a
wire communication facility for the transmission in interstate and
foreign commerce of bets and wagers and information assisting in

13

the placing of bets and wagers on any sporting event and contest, and for information assisting in the placing of bets or wagers, in violation of Title 18, United States Code, Section 1084.

### Overt Acts

16.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  In or about 2017 and 2019, ERVIN MAKISHTI, a/k/a "Vinny," the defendant, shared login credentials to a website hosted overseas for the purpose of tallying sports gambling information with MIRALEM LJULJANOVIC, the defendant.

b.  In or about 2019, ISLAM LAMCE, a/k/a "Bachi," the defendant, received bets on sporting events from gambling customers and input the bets to a website, which transmitted the bets to a foreign country.

c.  From in or about 2018 up to and including at least in or about 2019, on an approximately monthly basis, ERVIN MAKISHTI, a/k/a "Vinny," SOKOL GJONI, and MIRALEM LJULJANOVIC, the defendants, paid ABDURAMAN ISENI, the defendant, a portion of proceeds from bets made on sporting events.

d.  In or about 2017 and 2019, ERVIN MAKISHTI, a/k/a "Vinny," the defendant, shared login credentials to a website hosted overseas for the purpose of tallying sports gambling information with SMAIL DJOKIC, a/k/a "Ismail Gjoka," the

14

defendant, on behalf of GAZMEND LITA, the defendant.

     e.   On or about July 12, 2019, BRAJAN TOLA, the defendant, received payment of a gambling debt from a customer from Sports Café in repayment on a bet on a sporting match.

     f.   On or about October 26, 2019, SOKOL GJONI, the defendant, had a telephonic conversation with an employee of Sports Café regarding gambling debts on soccer matches.

(Title 18, United States Code; Section 371.)

### COUNT FOUR

**(Conspiracy to Commit Interstate Extortion and Interstate Threats)**

The Grand Jury further charges:

17.   From at least in or about January 2019, up to and including in or about November 2019, in the Southern District of New York and elsewhere, ABDURAMAN ISENI, a/k/a "Diamond," and BESIM KUKAJ, the defendants, and others known and unknown, knowingly and willfully did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 875.

18.   It was a part and an object of the conspiracy that ABDURAMAN ISENI, a/k/a "Diamond," and BESIM KUKAJ, the defendants, and others known and unknown, with intent to extort from a person, firm, association, and corporation, money and other things of value, would and did transmit in interstate and foreign commerce a communication containing a threat to injure the person of

another, in violation of Title 18, United States Code, Section 875(b), to wit, at the urging of KUKAJ, ISENI placed a telephone call, which traveled in interstate commerce, to a victim ("Victim-1") during which ISENI threatened physical violence against Victim-1, in an effort by KUKAJ to prevent Victim-1 from asserting a monetary claim against KUKAJ related to certain property at specific address in Manhattan (the "Building").

19. It was further a part and an object of the conspiracy that ABDURAMAN ISENI, a/k/a "Diamond," and BESIM KUKAJ, the defendants, and others known and unknown, willfully and knowingly would and did transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c), to wit, at the urging of KUKAJ, ISENI placed a telephone call, which traveled in interstate commerce, to Victim-1 and threatened Victim-1 with physical violence.

### Overt Act

20. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, were committed in the Southern District of New York and elsewhere:

a. On or about November 6, 2019, at the urging of KUKAJ, ISENI called Victim-1 and told Victim-1 in sum and substance "Close your fucking mouth because I close your fucking mouth."

(Title 18, United States Code, Section 371.)

16

## COUNT FIVE

### (Interstate Extortionate Communications)

The Grand Jury further charges:

21.  The allegations contained in paragraph 18 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

22.  On or about November 6, 2019, ABDURAMAN ISENI, a/k/a "Diamond," and BESIM KUKAJ, the defendants, with intent to extort from a person, firm, association, and corporation, money and other things of value, transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another, to wit, at the urging of KUKAJ, ISENI placed a call to Victim-1, which traveled in interstate and foreign commerce, from a cellular telephone, to Victim-1 during which ISENI threatened physical violence against Victim-1, in an effort by KUKAJ to prevent Victim-1 from asserting a monetary claim against KUKAJ related to the Building.

(Title 18, United States Code, Sections 875(b) and 2.)

## COUNT SIX

### (Interstate Threats)

The Grand Jury further charges:

23.  The allegations contained in paragraph 18 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

24.  On or about November 6, 2019, ABDURAMAN ISENI, a/k/a "Diamond," and BESIM KUKAJ, the defendants, willfully and knowingly did transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, to wit, at the urging of KUKAJ, ISENI placed a telephone call to Victim-1, which traveled in interstate and foreign commerce, to Victim-1 during which ISENI threatened physical violence against Victim-1.

(Title 18, United States Code, Sections 875(c) and 2.)

## COUNT SEVEN

### (Bank Fraud Conspiracy)

The Grand Jury further charges:

25.  From at least in or about April 2020 up to and including at least in or about July 2020, in the Southern District of New York and elsewhere, BESIM KUKAJ, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Section 1344 of Title 18, United States Code.

26.  It was a part and an object of the conspiracy that BESIM KUKAJ, the defendant, and others known and unknown, would and did willfully and knowingly execute, and attempt to execute, a scheme and artifice to defraud financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation

("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Section 1344 of Title 18, United States Code, to wit, KUKAJ participated in a scheme to obtain Government-guaranteed loans from FDIC-insured banks through the Paycheck Protection Program ("PPP") by means of false and fraudulent pretenses, representations, and documents.

(Title 18, United States Code, Section 1349.)

## COUNT EIGHT

### (Money Laundering)

The Grand Jury further charges:

27.   On or about November 17, 2020, in the Southern District of New York and elsewhere, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, would and did conduct and attempt to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, to wit, the proceeds of bank fraud, in violation of Title 18, United States Code, Section 1344, with the intent to conceal and disguise the nature, location, source, ownership, and control of that property, to wit, ISENI instructed another person to transfer money which was represented to be the proceeds of a scheme to obtain PPP funds, from a bank

branch in Manhattan to an account not in ISENI's name that ISENI in fact controlled.

(Title 18, United States Code, Sections 1956(a)(3)(B) and 2.)

## COUNT NINE

### (Obstruction of Justice)

The Grand Jury further charges:

28.  On or about November 19 and November 20, 2020, in the Southern District of New York and elsewhere, MELSA SKRAPALLIU, the defendant, knowingly, intentionally, and corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so, to wit, SKRAPALLIU made false statements and provided false information to a federal law enforcement officer for the purpose of interfering with an ongoing investigation into Abduraman Iseni.

(Title 18, United States Code, Section 1512(c).)

## COUNT TEN

### (Bank Fraud Conspiracy)

The Grand Jury further charges:

29.  In or about November 2020, in the Southern District of New York and elsewhere, ABDURAMAN ISENI, a/k/a "Diamond," and MELSA SKRAPALLIU, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Section 1344 of Title 18, United States Code.

30.  It was a part and an object of the conspiracy that

ABDURAMAN ISENI, a/k/a "Diamond," and MELSA SKRAPALLIU, the defendants, and others known and unknown, would and did willfully and knowingly execute, and attempt to execute, a scheme and artifice to defraud financial institutions, the deposits of which were insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Section 1344 of Title 18, United States Code, to wit, ISENI and SKRAPALLIU agreed together to and did in fact provide false information to induce an FDIC-insured bank to release money to SKRAPALLIU.

(Title 18, United States Code, Section 1349.)

## COUNT ELEVEN

### (False Statements to a Bank)

The Grand Jury further charges:

31.  In or about November 2020, in the Southern District of New York and elsewhere, ABDURAMAN ISENI, a/k/a "Diamond," and MELSA SKRAPALLIU, the defendants, knowingly made false statements for the purpose of influencing the action of an institution the accounts of which are insured by the FDIC, upon an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, or insurance agreement or application for insurance or a guarantee, or any change or extension of any of

the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, to wit, ISENI and SKRAPALLIU each provided false information to induce an FDIC-insured bank to release money to SKRAPALLIU .

(Title 18, United States Code, Sections 1014 & 2.)

## FORFEITURE ALLEGATIONS AND SUBSTITUTE ASSET PROVISION

## FORFEITURE ALLEGATION AS TO COUNT ONE

32. As a result of committing the offense alleged in Count One of this Indictment, ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny," SOKOL GJONI, MIRALEM LJULJANOVIC, and JETMIR SULAJ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963,

a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962, as charged in Count One;

b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct in violation of Title 18, United States Code, Section 1962, as charged in Count One; and

c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, as charged in Count One.

22

## FORFEITURE ALLEGATION AS TO COUNT TWO

33.   As a result of committing the offense charged in Count Two of this Indictment, ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny," SOKOL GJONI, MIRALEM LJULJANOVIC, JETMIR SULAJ, ELDI MAKISHTI, ENRI DIMO, a/k/a "Eni," DARREN DANZIERI, AMIR BECOVIC, and RAFAEL JACOBS, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of this Indictment.

## FORFEITURE ALLEGATION AS TO COUNT THREE

34.   As a result of committing the offense charged in Count Three of this Indictment, ABDURAMAN ISENI, a/k/a "Diamond," ERVIN MAKISHTI, a/k/a "Vinny," SOKOL GJONI, MIRALEM LJULJANOVIC, ISLAM LAMCE, a/k/a "Bachi," BRAJAN TOLA, GAZMEND LITA, and SMAIL DJOKIC, a/k/a "Ismail Gjoka," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of this Indictment.

## FORFEITURE ALLEGATION AS TO COUNTS FOUR, FIVE AND SIX

35.   As a result of committing the offenses charged in Counts

Four, Five, and Six of this Indictment, ABDURAMAN ISENI, a/k/a "Diamond," and BESIM KUKAJ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Four, Five, and Six of this Indictment.

### FORFEITURE ALLEGATION AS TO COUNT SEVEN

36.   As a result of committing the offense charged in Count Seven of this Indictment, BESIM KUKAJ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### FORFEITURE ALLEGATION AS TO COUNT EIGHT

37.   As a result of committing the offense alleged in Count Eight of this Indictment, ABDURAMAN ISENI, a/k/a "Diamond," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of

money in United States currency representing the amount of property involved in said offense.

### FORFEITURE ALLEGATION AS TO COUNT NINE

38.  As the result of committing the offense alleged in Count Nine of this Indictment, MELSA SKRAPALLIU, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Nine of this Indictment.

### FORFEITURE ALLEGATION AS TO COUNTS TEN AND ELEVEN

39.  As a result of committing the offenses charged in Counts Ten and Eleven of this Indictment, ABDURAMAN ISENI, a/k/a "Diamond," and MELSA SKRAPALLIU, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

40.  If any of the above described forfeitable property, as a result of any act or omission of the defendants:

     a.  Cannot be located upon the exercise of due diligence;

     b.  Has been transferred or sold to, or deposited with, a third person;

     c.  Has been placed beyond the jurisdiction of the Court;

     d.  Has been substantially diminished in value; or

     e.  Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

   (Title 18, United States Code, Sections 981, 982, and 1963; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)


FOREPERSON

AUDREY STRAUSS
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ABDURAMAN ISENI, a/k/a "Diamond,"
ERVIN MAKISHTI, a/k/a "Vinny,"
SOKOL GJONI,
MIRALEM LJULJANOVIC,
ELDI MAKISHTI,
JETMIR SULAJ,
ENRI DIMO, a/k/a "Eni,"
DARREN DANZIERI,
ISLAM LAMCE, a/k/a "Bachi,"
BRAJAN TOLA,
GAZMEND LITA,
SMAIL DJOKIC, a/k/a "Ismail Gjoka,"
AMIR BECOVIC,
RAFAEL JACOBS,
BESIM KUKAJ, and
MELSA SKRAPALLIU,

Defendants.

SEALED INDICTMENT

20 Cr.

(18 U.S.C. §§ 1962, 1955, 1084, 875, 1349, 1512, 1014, 371 and 2.)

AUDREY STRAUSS
Acting United States Attorney.

A TRUE BILL

Foreperson.